## City of Greenwood *v.* Pentecost.*

(Division B.   Oct. 3, 1927.   Suggestion of Error Overruled Nov. 14, 1927.)

[114 So. 259. No. 26533.]

DAMAGES. *Eight thousand five hundred dollars for loss of fifth finger and fifty per cent impairment of fourth finger held excessive by two thousand five hundred dollars.*

Damages in the sum of eight thousand five hundred dollars for permanent injury, consisting of loss of fifth finger and fifty per cent impairment of fourth finger, *held* excessive by two thousand five hundred dollars.

---

*Corpus Juris-Cyc. References: Damages, 17CJ, p. 1087, n. 56; p. 1088, n. 59; p. 1089, n. 61; p. 1104, n. 52, 53; Trial, 38Cyc, p. 1569, n. 6; On excessiveness of verdicts in actions for personal injuries resulting in loss of finger, see annotation in L. R. A. 1915F, 225; 46 A. L. R., pp. 1294-1296.

APPEAL from circuit court of Leflore county.
HON. S. F. DAVIS, Judge.

Action by Clarence Pentecost, by Mrs. Hattie Pentecost, next friend, against the city of Greenwood. Judgment for plaintiff and defendant appeals. Reversed conditionally, unless *remittitur* is entered.

*Watkins, Watkins & Eager, M. F. Pierce* and *A. H. Bell,* for appellant.

*Gardner, Odom & Gardner,* for appellee.

ANDERSON, J., delivered the opinion of the court.

The principles of law governing this case are well settled by decisions of this court; and we do not think they are difficult of application to the facts of the case. For those reasons, we do not deem that a statement of the

case and a discussion of the principles involved would be of any benefit to the bench and bar of the state.

The appellant permitted the owner of the Piggly-Wiggly building to ground the electric wiring system, installed therein, in a public alley on which the building was situated. The alley is twenty feet wide, and was used by the public for both foot and vehicle passage. The evidence tended to show that the electric wiring system in the Piggly-Wiggly building was grounded, in the manner stated, more than a year before the injury, with appellant's knowledge and consent, and that appellant had not had the work inspected since it was done. In addition, the witness Rogers, who testified as an expert, speaking from experience, stated that, in his judgment, the ground wire had been broken loose from the iron pipe driven in the ground, for more than two months before appellee's injury. He based this information on the fact that at the point where the wire had broken it had corroded and turned green.

It is a close question as to whether appellant was entitled to a directed verdict. We think, however, that it was not; that the facts which the evidence tended to establish, namely, that the wire in question was grounded in the alley with appellant's knowledge and consent, that appellant had not had it inspected to see that it was in proper order, and that it had broken loose so as to endanger the traveling public coming in contact with it for more than two months, were sufficient to make it a question for the jury as to liability, and therefore that the trial court properly refused to direct a verdict for the appellant.

We are of the opinion further that no error was committed by the court in the giving or refusing of instructions, and that the jury were properly instructed as to the applicable principles of law.

Appellant argues that the verdict is excessive. The injury resulted in the amputation of appellee's fifth finger and in a fifty per cent impairment of his fourth finger

on his right hand; the palm of his hand was so burned that it sloughed off; and the electric shock threw him to the ground and rendered him unconscious for a few minutes. He suffered a great deal for several days. The evidence, fairly understood, however, shows that the loss of the one finger and the impairment of the .other were the only permanent injuries received by appellee. The verdict was for eight thousand five hundred dollars. It is always a difficult question for an appellate court to determine whether a verdict is excessive or not in the sense of the law. In order to justify an appellate court in setting aside a verdict on the ground that it is excessive, it must be so large as to evince passion and prejudice on the part of the jury. It must be so large as to shock the enlightened conscience. We think that can be said of this verdict. It is out of line with the verdicts which have been upheld in this court for similar injuries; it is considerably larger.

We think a verdict of something like six thousand dollars would have been nearer right. Therefore the case will be reversed on this ground alone, unless within ten days after the case goes down appellee shall enter a *remittitur* for two thousand five hundred dollars.

Reversed conditionally, unless *remittitur* of two thousand five hundred dollars is entered.

*Reversed conditionally.*